# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SANDRA G. PARKER and DAVID N. JONES, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>TOUCHPOINT SUPPORT SERVICES and TOUCHPOINT SUPPORT SERVICES, LLC,<br><br>    Defendants. | Case No.: _____ |

## NOTICE OF REMOVAL

Defendants TouchPoint Support Services and TouchPoint Support Services, LLC (together, "TouchPoint"), by and through undersigned counsel, files this Notice removing the action styled *Sandra G. Parker and David N. Jones, husband and wife v. TouchPoint Support Services and TouchPoint Support Services, LLC*, Case No. 18C2206, from the Circuit Court for Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee. TouchPoint states the following in support:

### I.     FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs Sandra G. Parker and David N. Jones ("Plaintiffs") filed their Complaint on August 27, 2018, in the Circuit Court for Davidson County, Tennessee, Case No. 18C2206. A copy of the Complaint is attached hereto as **Exhibit A**.

2. TouchPoint received the Complaint via certified mail to its registered agent in Nashville, Tennessee, on August 29, 2018. [*See* **Exhibit A** at Notice of Service of Process and Circuit Court Summons].

3. In their Complaint, Plaintiffs alleged that on August 28, 2017, Plaintiff Sandra G. Parker was caused to slip and fall by the wet and slippery condition of the floor at Saint Thomas Midtown Hospital that was in the process of being cleaned and/or polished or had just been cleaned and/or polished. [*See* **Exhibit A** at ¶¶ 5, 6, 7].

4. Plaintiffs allege the wet and slippery condition of the floor was caused or permitted to be present by the negligence of TouchPoint or their respective employees, agents or servants, thus resulting in serious bodily injuries to Plaintiff Sandra G. Parker. [*See* **Exhibit A** at ¶ 5].

5. Plaintiffs further allege that TouchPoint was negligent in failing to post any signs in the area warning of the dangerous and hazardous condition of the floor. [*See* **Exhibit A** at ¶ 6].

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

6. Under 28 U.S.C. § 1446(b)(3), a "notice of removal may be filed" within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."

7. Plaintiffs did not specify the amount in controversy in their Complaint and TouchPoint did not otherwise ascertain the amount in controversy until June 3, 2019, when Plaintiff admitted in response to TouchPoint's discovery requests that the amount in controversy exceeded $75,000. [*See* **Exhibit B**, Plaintiff's Responses to Defendants' First Request for Admissions, at ¶¶ 14 and 15 and Certificate of Service]; *see also JHoman, LLC v. U.S. Sec. Assocs., Inc.*, 513 F. Supp. 2d 913, 916 (E.D. Mich. 2007) ("The courts have recognized that discovery responses may qualify as 'other paper[s]' that permit removal of a case that was not

initially removable.") (citing cases); *Franklin Am. Mortg. Co. v. Eagle Nat. Bank*, No. CIVA 3:10-CV-0069, 2010 WL 1628998, at *5 (M.D. Tenn. Apr. 21, 2010) (denying motion to remand where Defendant filed its Notice of Removal within thirty days of receipt of Plaintiff's discovery answers that allowed Defendant to ascertain removability).

8. This Notice is therefore timely under Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of TouchPoint first learning that the amount in controversy exceeds the sum or value of $75,000.00. [*See* **Exhibit B** at ¶¶ 14 and 15 and Certificate of Service].

9. TouchPoint has included with this Notice of Removal "a copy of all process, pleadings, and orders served upon" them in this action. [*See* **Exhibit A**; **Exhibit B**, **Exhibit C**, Plaintiffs' First Set of Interrogatories to Defendant TouchPoint Support Services, LLC; **Exhibit D**, Plaintiffs' Request for Production of Documents to Defendant TouchPoint Support Services, LLC; **Exhibit E**, Defendants' Answer to Plaintiff's Complaint; **Exhibit F**, Defendants' First Interrogatories to Plaintiff Sandra G. Parker; **Exhibit G**, Defendants' First Interrogatories to Plaintiff David N. Jones; **Exhibit H**, Defendants' First Request for Production to Plaintiff Sandra G. Parker; **Exhibit I**, Defendants' First Request for Production to Plaintiff David N. Jones; **Exhibit J**, Defendants' Answers to Plaintiffs' First Interrogatories; **Exhibit K**, Defendants' Responses to Plaintiffs' First Request for Production; **Exhibit L**, Defendants' First Supplemental Responses to Plaintiffs' First Request for Production; **Exhibit M**, Defendants' First Supplemental Answers to Plaintiffs' First Interrogatories; **Exhibit N**, Answers of the Plaintiff Sandra G. Parker to Defendants' First Set of Interrogatories; **Exhibit O**, Plaintiff Sandra G. Parker's Responses to Defendants' First Request for Production; **Exhibit P**, Answers of the Plaintiff David N. Jones to Defendants' First Set of Interrogatories; **Exhibit Q**, Plaintiff

David N. Jones' Responses to Defendants' First Request for Production; and **Exhibit R**, Defendants' First Request for Admissions to Plaintiff Sandra G. Parker].

10. Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court, the United States District Court for the Middle District of Tennessee, is the district and division within which the underlying state court action is pending.

11. There are no other parties to this action to join in or otherwise consent to removal.

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

### III. DIVERSITY JURISDICTION EXISTS

13. Federal district courts have original jurisdiction based on diversity of citizenship over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between" citizens of different states. 28 U.S.C. § 1332(a).

14. Both jurisdictional requirements are satisfied here.

**There is complete diversity between the parties.**

15. Plaintiffs are individuals and are domiciled in the State of Tennessee. [*See* **Exhibit A** at ¶ 1].

16. TouchPoint is a limited liability company whose citizenship depends on the citizenship of each member of the company. *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011) ("Sixth Circuit precedent holds that 'a limited liability company is not treated as a corporation and has the citizenship of its members.'") (quoting *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. Appx. 731, 732 (6th Cir. 2002)). TouchPoint's sole member is Compass Group USA, Inc. ("Compass Group USA"). A corporation is a citizen of every place

in "which it is incorporated" and "where it has its principal place of business[.]" 28 U.S.C. 1332(c)(1). Compass Group USA is a Delaware corporation with its principal place of business in North Carolina. TouchPoint is therefore a citizen of Delaware and North Carolina. TouchPoint was not, at the time of the filing the Complaint, a citizen of the State of Tennessee.

17. There is complete diversity of citizenship between the real parties in interest in this case under 28 U.S.C. §§ 1332(a) and 1332(c).

**The amount in controversy exceeds $75,000.**

18. In their Complaint, Plaintiffs claim various monetary damages but does not set forth a specific sum. [*See* **Exhibit A** at ¶¶ 8-10]. TouchPoint may thus "assert amount in controversy" in this Notice. 28 U.S.C. § 1446(c)(2).

19. Plaintiffs' prayer for relief in their Complaint requests judgment against TouchPoint "as well as such other relief as they may be entitled to under the proof of this case. The Plaintiffs further request that the costs of this cause be assessed to the Defendants." [*See* **Exhibit A**, Complaint at p. 3, "WHEREFORE" clause].

20. On May 6, 2019, TouchPoint's counsel served First Request for Admissions to Plaintiff Sandra G. Parker, which included a request for Plaintiff to "[a]dmit that the amount in controversy exceeds $75,000.00." [*See* **Exhibit R**, Defendants' First Request for Admissions to Plaintiff Sandra G. Parker, No. 14].

21. Plaintiff responded to TouchPoint's First Request for Admissions on June 3, 2019, and, in those responses, Plaintiff admitted that the amount in controversy in this lawsuit exceeds $75,000. [*See* **Exhibit B** at No. 14].

22. The amount in controversy is therefore satisfied under 28 U.S.C. §§ 1332(a) and 1446(c) because it exceeds the sum or value of $75,000. [*See* **Exhibit B** at No. 14].

## IV. CONCLUSION

23. This Court has original jurisdiction over this action. The amount in controversy is satisfied. No additional consent for removal is required.

24. By removing this action, TouchPoint does not waive any defenses available to it under state or federal law.

25. A copy of this Notice was filed with the Circuit Court for Davidson County, Tennessee. A copy was served on Plaintiffs as well.

WHEREFORE, Defendants TouchPoint Support Services and TouchPoint Support Services, LLC, removes the action styled *Sandra G. Parker and David N. Jones, husband and wife v. TouchPoint Support Services and TouchPoint Support Services, LLC*, Case No. 18C2206, from the Circuit Court for Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, and request that this Court retain jurisdiction for all further proceedings.

Dated: July 1, 2019

Respectfully submitted,

/s/ James A. Haltom
James A. Haltom (BPRN 28495)
John T. Baxter (BPRN 35405)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Nashville Place
150 Fourth Avenue, North , Suite 1100
Nashville, TN 37219
Phone: 615.664.5323
Email: john.baxter@nelsonmullins.com
James.haltom@nelsonmullins.com

*Attorneys for Defendants TouchPoint Support Services and TouchPoint Support Services, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2019, the foregoing was filed via the Court's Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties of record:

A. Gregory Ramos, #10825
North, Pursell & Ramos, PLC
Bank of America Plaza, Suite 1850
414 Union Street
Nashville, TN 37219-1783
Phone: 615.255.2555

*Attorney for Plaintiff*

                                        /s/ James A. Haltom
                                        James A. Haltom