# Exhibit
# A



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Cynthia Jones<br>Compass Group North America<br>2400 Yorkmont Road<br>Charlotte, NC 28217 |

| | |
|---|---|
| **Entity:** | Touchpoint Support Services, LLC<br>Entity ID Number 3290070 |
| **Entity Served:** | TouchPoint Support Services, LLC |
| **Title of Action:** | Sandra G. Parker vs. Touchpoint Support Services |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Davidson County Circuit Court, Tennessee |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 08/29/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | A. Gregory Ramos<br>615-255-2555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

[X] First

2018 AUG 27 PM 4: 02

[ ] Alias
[ ] Pluries

RICHARD R ROOKER. CLERK

CIVIL ACTION
DOCKET NO: _____

Sandra G. Parker and David N. Jones, husband and wife,

_____

_____

Plaintiff

**Method of Service:**

Vs.

[ ] Davidson County Sheriff

[ ] Out of County Sheriff

TouchPoint Support Services, LLC

[ ] Secretary of State

Serve: Corporation Service Company

[X] Certified Mail

2908 Poston Avenue

[ ] Personal Service

Nashville, Tn 37203-1312

[ ] Commissioner of Insurance

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

ISSUED: _____

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | A. Gregory Ramos |
|---|---|
| or | 414 Union Street, Ste. 1850 |
| PLAINTIFF'S ADDRESS | Address |
| | Nashville, TN 37219 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

[_____] served this summons and complaint/petition on _____

_____ in the following manner:

( _____

[_____] failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____ , _____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ 20 on the _____ day of _____ , 20 ____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____ , 20_____ .

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if
copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____ D.C.

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

2018 AUG 27 PM 4: 02

RICHARD R ROOKER, CLERK

_____ D.C.

| | |
|---|---|
| **SANDRA G. PARKER and** ) | |
| **DAVID N. JONES, husband** ) | |
| **and wife,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No.** |
| ) | **Jury Demand** |
| **TOUCHPOINT SUPPORT SERVICES** ) | |
| **and TOUCHPOINT SUPPORT** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Come now the Plaintiffs, Sandra G. Parker and David N. Jones, and would respectfully show unto the Court as follows:

1.     This is a personal injury action resulting from a personal injury accident that occurred on August 28, 2017 at Saint Thomas Midtown Hospital in Nashville, Davidson County, Tennessee.

2.     The Plaintiffs, Sandra G. Parker and David N. Jones, are husband and wife. They are residents of Gallatin, Sumner County, Tennessee.

3.     The Defendant, TouchPoint Support Services ("TouchPoint"), is a Georgia corporation doing business as a commercial cleaning company in Nashville, Tennessee. TouchPoint is a member of Compass Group.  At the time of the personal injury accident that is the subject of this case, TouchPoint was responsible for cleaning and maintaining the sixth floor of the building premises where the accident occurred.  This building premises is Saint Thomas Midtown Hospital, located at 2000 Church Street in Nashville, Tennessee.

4.    The Defendant, TouchPoint Support Services, LLC ("TouchPoint LLC"), is a Delaware corporation doing business as a commercial cleaning company in Nashville, Tennessee.  TouchPoint LLC is a member of Compass Group.  At the time of the personal injury accident that is the subject of this case, TouchPoint LLC was responsible for cleaning and maintaining the sixth floor of the building premises where the accident occurred.    This building premises is Saint Thomas Midtown Hospital, located at 2000 Church Street in Nashville, Tennessee.

5.    On August 28, 2017, while lawfully on the above-referenced premises, the Plaintiff Sandra G. Parker was caused to slip and fall by the wet and slippery condition of the floor at Saint Thomas Midtown Hospital.  This wet and slippery condition of the floor was caused or permitted to be present by the negligence of the Defendants and/or their respective employees, agents or servants, thus resulting in serious bodily injuries to the Plaintiff Sandra G. Parker.  The accident occurred as the Plaintiff was assisting a new co-employee in helping him to become familiar with the hospital.

6.    At the time of the Plaintiff's personal injury accident, the Defendants, through their employees, agents, and/or servants, were in the process of cleaning and/or polishing, or had just cleaned and/or polished, a particular area of the sixth floor of the hospital.  In doing so, they caused the floor to be wet and slippery. Notwithstanding the likelihood and foreseeability of someone slipping and falling on the wet and slippery floor, the Defendants negligently failed to post any signs in the area warning of the dangerous and hazardous condition of the floor.

7.    As a direct and proximate result of Defendant's negligence, the wet and slippery floor caused the Plaintiff Sandra G. Parker to slip and fall as she walked on it.

8.    As a further direct and proximate result of the accident in this case, the Plaintiff Sandra G. Parker suffered personal injuries, including permanent physical and emotional injuries, loss of wages and earning capacity, pain and suffering and loss of enjoyment of life.  She also incurred medical expenses, including expenses for hospitalization, doctor's fees, prescriptions and supplies, physical therapy and counseling.

9.    Prior to the accident in this case, the Plaintiff Sandra G. Parker was an able-bodied woman, capable of performing her duties as a wife and as a companion of the Plaintiff David N. Jones. By reason of her injuries resulting from the accident however, she has become highly anxious, nervous and irritable, unable to work and otherwise incapacitated.  As a result, the Plaintiff David N. Jones has been deprived of the services and consortium of his wife. Furthermore, Mr. Jones has incurred hospital and doctors' bills as well as other medical bills resulting from his wife's injuries in this case.

10.    The accident and the Plaintiffs' resulting injuries and damages proximately resulted from the negligence of the Defendants, as set forth above.

**WHEREFORE,** the Plaintiffs sue the Defendants and demand judgment against them as well as such other relief as they may be entitled to under the proof of this case. The Plaintiffs further request that the costs of this cause be assessed to the Defendants. Finally, the Plaintiffs demand a jury to try this cause.

Respectfully submitted,

A. Gregory Ramos, #10825
North, Pursell & Ramos PLC
Bank of America Plaza, Suite 1850
414 Union Street
Nashville, Tennessee   37219-1783
(615) 255-2555
Attorney for Plaintiffs

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

SANDRA G. PARKER and )
DAVID N. JONES, husband )
and wife, )
                             )
        **Plaintiffs,** )
                             )
v. )    No.
                             )    **Jury Demand**
TOUCHPOINT SUPPORT SERVICES )
and TOUCHPOINT SUPPORT )
SERVICES, LLC, )
                             )
        **Defendants.** )
                             )

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TOUCHPOINT SUPPORT SERVICES, LLC

TO:  TouchPoint Support Services, LLC
      c/o Corporation Service Company, Agent for Service of Process
      2908 Poston Avenue
      Nashville, TN 37203-1312

Come now the Plaintiffs, Sandra G. Parker and David N. Jones, pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, and respectfully submit the following Requests for Production of Documents upon the Defendant, TouchPoint Support Services, LLC ("TouchPoint LLC"), to be answered, under oath, within forty-five (45) days of the date of when this document was served upon the Defendant.

Pursuant to Rule 26 of the Tennessee Rules of Civil Procedure, when an Request for Production of Documents requests or inquires of knowledge or information in the possession or under the control of the party served, such request or inquiry extends to the knowledge or information in the possession or under the

control of the party served, its officers, employees or agents (including its attorney) unless privileged. In addition, all answers made are to be seasonably supplemented.

You are respectfully requested to produce the following:

1. Any and all contracts and/or agreements relating to the Defendant TouchPoint LLC and/or its services at the building premises in question. Please produce as well any and all contracts or agreements between the owners/possessors of the building premises and any maintenance and/or repair service in effect at the time of Plaintiff's injury.

**RESPONSE:**

2. Any indemnity agreement involving any of the parties to this case.
**RESPONSE:**

3. Copies of any and all documents relating to Defendant's status as a corporation, partnership, sole proprietorship, joint venture or other entity.

**RESPONSE:**

4. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises where the accident in this case occurred.

**RESPONSE:**

5.   Any and all photographs that Defendant has of the scene of the accident or the resulting injuries to Plaintiff.

**RESPONSE:**


6.   Any and all expert reports that have been obtained from any expert.

**RESPONSE:**


7.   Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement, signed or otherwise adopted or approved by Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE:**


8.   Any and all drawings, maps, or sketches of the scene of the accident in question.

**RESPONSE:**


9.   Copies of any surveillance movies or photographs depicting the Plaintiff.

**RESPONSE:**

10. Any and all expert reports that were or will be reviewed by a testifying expert in this case, including any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case.

**RESPONSE**:

11. Any and all documents or tangible things prepared by any expert you expect to call as a witness, including but not limited to those which would include his/her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**RESPONSE**:

12. Copies of any and all reports of all similar accidents (i.e., similar to the accident alleged in this case) prepared by any and all employees of the Defendant TouchPoint LLC during the past five (5) years.

**RESPONSE**:

13. A current copy of the curriculum vitae or resume of any expert who may be called to testify at trial.

**RESPONSE**:

14.    All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by Defendant's employees to insure safety. This request includes any training films and/or videotapes used by Defendant concerning spills and/or falls.

**RESPONSE**:

15.    Any and all documents, reports, or other written records pertaining to any investigation concerning the subject accident.

**RESPONSE**:

16.    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request but which you intend to offer into evidence or use for demonstrative purposes during the trial of this case.

**RESPONSE**:

Respectfully submitted,

A. Gregory Ramos, #10825
North, Pursell, Ramos & Jameson, PLC
Bank of America Plaza, Suite 1850
414 Union Street
Nashville, Tennessee  37219-1783
(615) 255-2555
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

A true and correct copy of the forgoing document was served upon the Defendant with the Complaint.

_A. Gregory Ramos_
A. Gregory Ramos

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| SANDRA G. PARKER and<br>DAVID N. JONES, husband<br>and wife, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No.<br>Jury Demand |
| TOUCHPOINT SUPPORT SERVICES<br>and TOUCHPOINT SUPPORT<br>SERVICES, LLC, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT TOUCHPOINT SUPPORT SERVICES, LLC

TO:  TouchPoint Support Services, LLC
c/o Corporation Service Company, Agent for Service of Process
2908 Poston Avenue
Nashville, TN 37203-1312

Come now the Plaintiffs, Sandra G. Parker and David N. Jones, pursuant to Rule 33 of the Tennessee Rules of Civil Procedure, and respectfully submit the following Interrogatories to the Defendant, TouchPoint Support Services, LLC ("TouchPoint LLC"), to be answered, under oath, within forty-five (45) days of the date of when this document was served upon the Defendant.

Pursuant to Rule 26 of the Tennessee Rules of Civil Procedure, when an Interrogatory requests or inquires of knowledge or information in the possession or under the control of the party served, such request or inquiry extends to the knowledge or information in the possession or under the control of the party served, its officers, employees or agents (including its attorney) unless privileged. In addition, all answers made are to be seasonably supplemented.

In answering these Interrogatories, you are advised that the terms "premises" or "premises in question" or "building premises" refer to the location where the accident alleged in the Complaint occurred.

1.  Please state the full name, address, job title, date of birth, and present employer of each person answering or assisting in answering these Interrogatories on behalf of Defendant.

    **ANSWER:**

2.  State the name and address of the person or entity in control of the specific area of the building premises where the accident that is the subject of the above-captioned cause occurred.

    **ANSWER:**

3.  Has Defendant TouchPoint Support Services, LLC been sued under its correct name? If not, please specify its correct name.

    **ANSWER:**

4.  State the name and address of each person, including experts, having any knowledge of relevant facts related to the accident in question, the cause thereof, or the damages resulting therefrom.

    **ANSWER:**

5.   State the name, address, and telephone number of any persons who witnessed the actual accident in question.

   **ANSWER**:



6.   State the name and address of any potential party to this lawsuit not already named as a party.   Please specify the factual basis for your assertion that these additional persons or entities should be made parties to this lawsuit.

   **ANSWER**:



7.   Please state whether you have a copy of any statement the Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody, or control.   For the purpose of this question, a statement previously made includes, but is not limited to (1) a written statement signed or otherwise adopted or approved by the person making it, or a (2) a stenographic, mechanical, electrical, or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

   **ANSWER**:

8.    Please state whether Defendant, or any representative or agent of Defendant, has obtained from the Plaintiff any statement, oral, written, or recorded and state the date of obtaining any such statement from the Plaintiff.

**ANSWER**:


9.    Describe any insurance agreement under which any insurance company may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment by stating the name of the person and/or entity insured, the name of the insurer, and the amount of any liability insurance.

**ANSWER**:


10.    Describe how the accident in question occurred and state specifically and in detail what the claims or contentions of the Defendant will be regarding any cause or contributing cause of the accident, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER**:

11.   Describe in detail any conversations Defendant or its representatives and agents had with the Plaintiff or Plaintiff's representatives following the accident in question.

   **ANSWER**:



12.   State the full name, current address, telephone number, qualifications, and present employment of each person you expect to call as an expert witness at the trial of this cause, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.

   **ANSWER**:



13.   State whether any expert you expect to call as a witness has prepared a report, formal or informal, and if so, state the date(s) of such report(s) and to whom each such report is addressed.

   **ANSWER**:



14.   Please describe in detail any previous accidents or incidents of which Defendant is aware which occurred in substantially the same way as Plaintiff's accident or in the same or nearby location.

   **ANSWER**:

15.     Please describe in detail any changes that have been made by Defendant in the physical site of the accident or to the warnings or signs relating thereto since the accident which is the subject of the above-captioned cause.

**ANSWER:**


16.     State whether the Defendant, or its representatives or agents, conducted an investigation of the accident which is the subject of the above-captioned cause. If so, identify the person or persons who conducted the investigation. Please state whether a written report was generated as a result of the investigation.

**ANSWER:**


17.     Prior to the Plaintiff's accident in this case, when was the date and time of the last inspection by Defendant, its employees or agents, of the physical site where the accident occurred? Specify who conducted the inspection.

**ANSWER:**


18.     Please state whether Defendant was aware of the wet and slippery condition of the floor, which Plaintiff alleges in Paragraphs 5 through 7 of the Complaint to be the cause of the accident in question.

**ANSWER:**

19.    Describe what efforts Defendant made to warn of the wet and slippery condition of the floor, which Plaintiffs allege in Paragraphs 5 through 7 of the Complaint.

**ANSWER:**

20.    Please identify all photographs, videos, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photograph made since the occurrence of the subject accident.

**ANSWER:**

21.    Please state the name and address of each of Defendant's employees, agents or representatives who were on duty at the premises on the day of the accident in this case.  With respect to each person specified, please provide his/her job title and/or position with Defendant.  Please identify with specificity which of these particular employees, agents or representatives had participated in cleaning and/or polishing the floor on the day of the Plaintiff Sandra G. Parker's accident in this case.

**ANSWER:**

Respectfully submitted,

*A. Gregory Ramos*

A. Gregory Ramos, #10825
North, Pursell, Ramos & Jameson, PLC
Bank of America Plaza, Suite 1850
414 Union Street
Nashville, Tennessee  37219-1783
(615) 255-2555
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing document was served on Defendant with the Complaint.

*A. Gregory Ramos*

A. Gregory Ramos

The foregoing answers are true and correct to the best of my knowledge, information and belief.

_____
For TouchPoint Support Services, LLC


STATE OF TENNESSEE          )
                           )
COUNTY OF                   )

    Sworn to and subscribed before me this _____ day of _____, 2018.


_____
Notary Public

My Commission Expires:

_____

CERTIFIED MAIL



7018 1130 0002 1562 7677

Hasler                    FIRST-CLASS MAIL
08/27/2018
US POSTAGE $007.83⁰

         ZIP 37219
                            011D10647726

NORTH, PURSELL & RAMOS, PLC
ATTORNEYS AT LAW
BANK OF AMERICA PLAZA
414 UNION STREET, SUITE 1850
NASHVILLE, TENNESSEE 37219-1783

TouchPoint Support Services, LLC
C/O Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312